TATE, Justice.
We find merit to Assignment of Error No. 1 raised by the defendant upon his conviction of armed robbery, La.R.S. 14:64.
Immediately prior to jury selection, the defendant moved “to dismiss the jury [pan *1166 el list], since the selection of the jury panel did not comply with Article 784 in picking and selecting the panel list. Names should be drawn from a petit jury venire by a lottery in open court and in the manner to be determined by the Court. This was not complied with, since the jury [panel list] has already been chosen prior to the Court.”
Upon the court’s denial of the motion, the defendant objected. The prospective jurors were thereupon called for voir dire examination in the order shown by a 40-member jury panel list made up out of court by the parish jury commission, in a manner not shown by this record.
The motion and objection prior to jury selection were to the use of a jury panel list to call prospective jurors for voir dire examination in the order established by this list. Such order resulted from procedures conducted out of court, without supervision of the court or the presence of counsel.
In State v. Hoffman, La., 345 So.2d 1 (opinion on rehearing rendered April 26, 1977), we sustained a similar objection that this method of calling jurors in the order fixed by out-of-court proceedings violated La.C.Cr.P. art. 784: “In selecting a panel, names shall be drawn from the petit jury venire indiscriminately and by lot in open court * * (Italics ours.)
The present appeal was argued and submitted for decision to this court before the argument and decision in State v. Hoffman, cited above. For the reasons set forth in that opinion, we reverse the present conviction and sentence, and we remand this case to the district court for a new trial in accordance with law.
REVERSED AND REMANDED FOR A NEW TRIAL.